# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF CUMBERLAND.

ARGUED AT APRIL TERM, 1845.

*Mem.* — Thirteen cases argued at this term were published in the last volume.

## Isaac Dyer *versus* Daniel Burnham & al.

If a contract in writing be made by one as agent for another, to convey an interest in certain lands on the payment of a promissory note, given as the consideration therefor, and the contract does not bind the principal to make the conveyance, but the agent is personally responsible for the payment of any damages sustained by any breaches of the contract, the payment of the note cannot for that cause be avoided for want of consideration.

A contract, not under seal, to convey an interest in real estate upon the performance of certain conditions, made by an authorized agent of the proprietor of the estate, may bind the principal, as it would if made by himself.

If from the whole instrument it can be collected, that the object and intent of it are to bind the principal, and not merely the agent, Courts will adopt that construction of it, however informally it may have been expressed.

The assignment of a contract to convey an interest in real estate upon the performance of certain conditions, vests an equitable interest therein in the assignee, which will be protected and made available by courts of law.

And if the contract be to convey an interest in an undivided half of the land, upon the payment of one half of certain notes given to a third person, as the consideration of a former purchase of the same estate, and both parties fail to make their respective payments of those notes, but the maker of the note, given as the consideration of the contract, sustains no injury thereby, but both he and the owner of the land treat it as still subsisting until cancelled by them; such neglect of payment furnishes no defence to the maker of the last mentioned note, on the ground of failure of consideration.

VOL. XII.                    2

And if the maker and payee of the note suffer the contract for the conveyance of the land, in which they are both interested, to become forfeited by reason of the neglect by each of performance on his part; and the payee afterwards joins with others in obtaining a new contract for the conveyance of the same land to them upon more favorable terms, this can furnish no defence to a suit upon the note.

Assumpsit by the plaintiff, as indorsee, against Daniel Burnham and David Webster, as makers of a note given by them to Ovid Burrall, and by him indorsed to the plaintiff, "without recourse," dated Oct. 10, 1845, for $2,580, payable in one year, with interest, at any bank in Portland. The same defence was to be open, that would exist if the suit was brought by Burrall.

Webster was defaulted. Burnham defended. The plaintiff read the note to the jury, the signatures having been admitted to be genuine.

In defence, the counsel for Burnham read the depositions of Ovid Burrall, Stephen J. Bowles and John Black. The case was submitted to the decision of the Court upon this evidence, the depositions to be subject to all the objections therein made; and upon the whole case, thus presented, it was agreed by the parties, that the Court should render judgment for the plaintiff or defendants according to their legal rights upon the evidence.

The facts proved by these depositions appear in the opinion of the Court.

*W. P. Fessenden,* for the plaintiff, admitted that the defendants were entitled to the same defence, as if the suit had been brought by Burrall, but could not conjecture the grounds of defence.

*Howard,* for Burnham, made the objections to the right of the plaintiff to recover, stated in the opinion of the Court.

In support of the objection, that this was the mere personal contract of Black, and could not bind the heirs of Bingham, either at law or in equity, to convey the land, he cited Story's Agency, § 147, 148; 2 Kent, 629, 630, 631.

*W. P. Fessenden,* in reply, said that a sufficient answer to the whole was, that Burnham and Webster had availed them-

selves of the contract assigned to them as the consideration of the note, and in consequence of their surrender of that contract, had obtained a new one satisfactory to themselves. If in consequence of the decline of value of such lands, or from any other cause, they did not choose to perform on their part the conditions of this new obligation, and thus to entitle themselves to a deed, as they might have done, it was not the fault of the plaintiff, but their own. The contract was binding on the Bingham heirs; but were it not so, the result would be the same. Black would then have been personally liable; and that was a sufficient consideration for the note.

The opinion of the Court was drawn up by

TENNEY J.— On the 15th day of August, 1835, John Black, agent for the divisees in trust of the estate of William Bingham, as such agent, contracted in writing, not under seal, to deliver to Stephen J. Bowles and Ovid Burrall, their heirs and assigns, a deed in fee, with warranty against the demands of all persons claiming under the said William Bingham, of a certain parcel of land in the County of Washington, on condition that payment should be made of five notes of hand given by said Bowles and Burrall, of the same date, for $6,192 each, payable in sixty days, one, two, three and four years, according to their tenor. As appears by a writing upon the back of this contract, on October 10, 1835, Bowles and Burrall, in consideration of the sum of $15,480, assigned one half of the contract to the defendants, provided they should in addition to the sum last named, pay one half of the notes given to Black by Bowles and Burrall. One third of said sum of $15,480 was paid in cash, and the defendants gave four notes for the balance, two to Bowles and two to Burrall, payable in one and two years. The one first payable, given to Burrall, negotiated to the plaintiff, after its maturity, is the one declared upon in this suit. It does not appear, at what time the name of Burrall, in his own handwriting was affixed to the assignment, but it was not written so early as the assignment was dated, and there is no evidence of a formal delivery of the

contract to the defendants, upon the execution of the assignment. The note to Black payable in sixty days was paid, half by one party to the assignment and half by the other; and the defendant, Burnham, paid upon the second note to Black, on March 1, 1837, the sum of $1,871,32. No payment was made upon either of the notes to Black afterwards. On January 31, 1838, Bowles assigned all the interest remaining in him, by virtue of the contract of Black, to the defendants, on condition, that they should pay or cause to be paid, three-fourths of the principal and interest due on the notes to Black, and gave up the two notes of the defendants, which he held, nothing having been paid thereon. On the same 31st day of January, 1838, Black, not considering the contract forfeited by the laches of the other contracting party, but treating it as in full force, agreed with the defendants to renew the same, to convey three-fourths of the same land in consideration of three-fourths of the amount due on the original notes to him, and took their promissory notes for the same, payable in one, two and three years, with interest annually, and gave them a written memorandum, that he would make and execute a contract in the usual form, in fulfilment of this agreement; and on the 17th of April following, delivered to Burnham a contract similar to that given to Bowles and Burrall, that a deed was to be delivered of three-fourths to the defendants, and one-fourth to Burrall, the latter having given his notes for the quarter of the balance due, on performance of the condition in the contract by the defendants and Burrall.

The last contract being forfeited by a failure to pay the notes, a new contract was made by Black, as agent of the owners of the land, with Burrall and other persons, to convey the land on the payment of a sum equal to thirty-seven and a half cents an acre. Webster has been defaulted, and Burnham defends the suit, on the ground that the note declared upon in its origin was without consideration; but if otherwise, that the consideration has since failed.

1. It is contended that the original contract was not binding on those in whom was the title to the land, but was only the

personal obligation of Black. If this proposition were true, and Black was personally responsible for the damage, which might be sustained by a failure to perform his contract, which is not denied, there would still be a consideration for the note. But we think the devisees were liable under this contract. The rule that a deed must be executed in the name of the principal, acting by an attorney, is inapplicable to this case. This is a promise upon consideration to deliver a deed of the land described, on the fulfilment of the condition, and is an instrument of no higher character, than one having no reference to real estate. It is a maxim of the law, in construing promises, that the intention of the parties, shall be effectual, *ut res magis valeat, quam pereat.* If from the whole instrument it can be collected, that the object and intent of it are to bind the principal, and not merely the agent, Courts will adopt that construction of it, however informally it may be expressed. Story's Agency, § 154. Black, *as the agent of the devisees,* agreed to convey the title, which was in them, and which the testator derived from the Commonwealth of Massachusetts; the instrument clearly discloses the intention of the agent to bind his principals and not himself.

It is objected, that the contract of Black was not by law assignable. The assignment vested in the assignees an equitable interest in the contract, and it is a well settled rule, that such will be protected and made available by Courts of law.

A farther ground for the denial of consideration for the note is, that no claim for a conveyance to them could have been made by the defendants, inasmuch as the language ("meaning to convey to the said Stephen J. Bowles and Ovid Burrall the same title, which the said Bingham derived from the Commonwealth of Massachusetts") embraced in parenthesis, shows the intention to convey to *Bowles and Burrall only,* the title, which William Bingham derived from the Commonwealth. The words relied upon, referred to the *title* intended to be conveyed, and the extent of the covenant of warranty. The construction contended for in behalf of the defendants, would take away the obvious meaning of a previous clause in

the contract. The promise was to deliver to Bowles and Burrall, *their heirs and assigns, a deed in fee,* &c. The deed was to be delivered to the party contracted with, or those who should represent them, as *heirs or assigns;* that deed was to be *in fee,* which would secure an estate of inheritance at law, belonging to the owner forever; descendible to his heirs; an estate of perpetuity and conferring an unlimited power of alienation. 2 Kent's Com. § 53, p. 4 and 5.

It is objected, under the first head of the defence, that it does not appear, that Burrall executed the assignment so as to render it valid; and that the evidence shows no delivery of the contract consequent upon the assignment. The defendants introduced the contract and the assignment thereon, of the same date with that of the note in suit. The notes of the defendants, which were intended to be considerative of the assignment, were delivered, and certain payments made by them upon the notes to Black, agreeably to the terms of the assignment; and there is no evidence that the name of Burrall was not affixed in season to be effectual. After the assignment, an interest in the contract remained with Bowles and Burrall, and it was as proper, that they should have the possession, as that it should pass to the defendants. Both parties to the assignment · treated it as a perfect and valid obligation, acted under it, in performance of the duties assumed, and it became a binding agreement according to its terms.

2. Has the consideration of the note failed? It is contended that there has been a failure of consideration, because Bowles and Burrall omitted to make the payments required of them in order to obtain a conveyance of the land, according to the original agreement between them and Black, excepting the payment upon the note first payable, whereas the defendants discharged their duty in reference to the same note, and caused to be indorsed upon the one next due, a large sum. Both parties to the assignment failed. to make the payments, according to their several contracts. The assignment contains no agreement on the part of Bowles and Burrall, nor is there other evidence in the case, that the defendants' notes were to

be void, if the former failed to pay one half of their own at maturity ; the consideration of the notes, given by the defendants, was, that they were permitted to come in and share with Bowles and Burrall, the benefit which both parties expected to derive from the contract. Nothing in the case shows, that they have been prejudiced by the laches of Bowles and Burrall, and they cannot be relieved from liability, by the omission of the party with whom they contracted, when a similar neglect, if not to the same extent, is imputable to them. The owners of the land, by receiving a payment on their notes, precluded themselves from insisting upon an immediate forfeiture of the contract; and their agent afterwards treated it as subsisting and in force, and renewed it with the defendants and Burrall, taking notes for the amount due, and extending the time of payment. At that time, the defendants made no complaint against Bowles and Burrall, like that now presented, and they cannot escape liability for that reason.

After Bowles transferred his remaining interest in the contract to the defendants, they presented themselves to the agent of the owners, as having a right to the proportion, which they held by virtue of the two assignments, and admitted their indebtedness in the same ratio upon the original notes given for the contract. The agent recognized the claim of the defendants, exacted no forfeiture, or additional price for a renewal of the former agreement, but treated them in all respects as a party to the first contract; which being binding upon the parties thereto, and the interest assigned by Bowles and Burrall being upon a valid consideration, the defendants have derived all the benefit from the assignment, to which they were entitled. No neglect of the assignors has operated to their prejudice, or caused in any degree a failure of the original consideration of the note in suit.

The renewed contract was forfeited long before the last contract, which Black made with Burrall and others, to convey the land to them. It is not denied, that this forfeiture was attributable, in part at least, to the neglect of the defendants; and the fact, that Burrall was a party to the former, was not

an obstacle to his being interested in the latter; his becoming a party took away no rights, which belonged to the defendants. If his acts or neglects have produced an injury to them, a claim to damages may be investigated in a suit proper for the purpose, but from the facts before us, the note declared upon cannot be impeached for want, or failure of consideration.

*Judgment for the plaintiff.*