Alexander *v.* Bank of Rutland.

---

## MARSHALL ALEXANDER *v.* BANK OF RUTLAND.

### *Book Account. Agency.*

The Bank of Rutland applied to one Burdick to get out a quantity of stone conformable to a model which he had furnished, (for the purpose of repairing the vault, of the said Bank,) and also to do the work. Burdick refused either to get the stone or do the work. They next inquired if he could not see to the getting out of the stone, and to the doing of the job. Burdick replied that he knew men whom he could employ to do the work, and that he would see to it as much as he could without neglecting his business on the Railroad. The Bank told him to go on, get out the stone, and do the job. Thereupon Burdick employed the plaintiff to do the work for the Bank; and upon these facts, it was *held*,— that Burdick was the agent of the Bank; that the account of plaintiff was properly charged to the Bank, and that they were liable to the plaintiff for the labor thus performed.

Alexander *v.* Bank of Rutland.

BOOK ACCOUNT. The action was commenced before a justice of the peace, and came to the county court by appeal. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows :

The plaintiff was employed by one John M. Burdick, to quarry and get out of a certain ledge in Shrewsbury, a quantity of stone for the purpose of repairing the vault of the Rutland Bank, that the plaintiff performed the services, and incurred the expenses charged in his account. That the blocks of stone which were got out by plaintiff, were drawn and delivered near the banking house in Rutland, by certain other persons, who were employed by said Burdick, and that he employed some other persons to do some parts of the job of getting out stone for repairing said vault; that the cashier of the bank, by direction of its officers, had paid two or three bills to persons so employed, after said bills had been certified to be correct, by said Burdick. That the president and cashier of said Bank applied to said Burdick to make some alteration and repair upon the vault of said Bank ; after some conversation between the parties, about the cost of the job, and a model of the size and form of the necessary blocks had been prepared or procured by said Burdick, the said president and cashier requested said Burdick to go on and do the job. Burdick replied that he was to work upon the Railroad, and could not do the job ; he was then asked if he could see to getting out the stone, and the doing of the job; he replied that he knew of some men whom he could employ to do the work, and would see to it as much as he could without neglecting his business upon the Railroad ; he was thereupon told by said president and cashier to go on, get out the stone, and do the work. Soon after, said Burdick employed the plaintiff to quarry said stone according to the model, and informed him for what purpose they were wanted, and told him when he got through to make out and present his bill for the work and it would be paid. The blocks of stone quarried as above stated by the plaintiff, have not been used in repairing said vault, and still remain near said banking house where they were left when drawn. The account of the plaintiff was examined, on the trial before the auditor, by said Burdick, and by him approved, as being correct and reasonable.

The county court, April term, 1851,— BENNETT, J., presiding,

rendered judgment upon said report for the defendant. Exceptions by plaintiff.

*S. Fullam* and *C. H. Crosby* for plaintiff.

The report finds that the work was done for defendant at their request—that Burdick refused to do the work—and that defendant directed him to go on, hire men, and see to the job.

The law, in such cases, implies a contract to pay, unless it is controlled by a contract with some other person, which in this case is not found.

This is a mere case of *agency* and nothing else, and unless we recover of defendant, we must lose our work. Burdick is not liable to us. Paley on agency 139.

*S. H. Hodges* for defendant.

The only questions arising in this case, are questions of fact; and upon these, the decision below is final. If anything had been found affirmatively, which the evidence had no tendency to prove, the error might have been corrected here. In this instance the county court acted entirely in the negative, and merely declined to infer from the circumstances reported by the auditor, that there was a contract between these parties. Error cannot be predicated of this without determining upon the weight, as well as the bearing of the testimony, and pronouncing it conclusive upon the triers. *Birchard* v. *Palmer*, 18 Vt. 203. *Stone* v. *Foster*, 16 Vt. 546.

The opinion of the court was delivered by

ISHAM, J. It is admitted in this case, that the services were rendered, and expenditures made by the plaintiff, as allowed by the auditor. But the defendants claim that they are not accountable to the plaintiff; that they never employed him, and that no privity of contract exists between them. We learn from the case that the plaintiff was employed by one John M. Burdick, to perform these services, but it is insisted that Burdick acted as the agent of the Bank in so doing, and was authorized to employ him for that purpose, and whether he was such agent or not is the question in the case. If he was the agent of the Bank and employed the plaintiff as such, the account was properly charged to

the Bank, otherwise the account should not have been so charged, and the defendants are not responsible in this action. The auditor in his report does not say expressly that he was agent, but has reported specially the facts in the case, which he has found from the testimony before him, and referred the question of agency, as a matter of law, to the decision of the court, and this he had a right to do. If he had neglected to decide and report the facts in the case, the report should have been recommitted, but questions of law he may refer to the court, and the court will dispose of the case as they would if the facts had been found by a special verdict of a jury,—indeed, the report of an auditor in that form, assumes the character of a special verdict. The finding of the auditor is equally as conclusive upon the facts as reported, and the law arising from those facts, is as much to be settled by the court in one case as the other. There is no complaint but that the facts are all found in the case, unless it be the want of an express statement whether he was agent or not. But this is a conclusion of law from the facts reported. If these facts had been found by a jury, or if they were contained in a letter or other writing, addressed to Burdick, its construction and effect, whether he was agent, and the extent of his powers as such, would have been for the court to have construed and decided, and it is equally so, when the facts are reported by an auditor. This effect was given to facts so found in the case of *Collins* v. *Emmett*, 1 H. Bla. Rep. 313. *Howard* v. *Bailey*, 2 H. Bla. Rep. 618. *Ward* v. *Shaw*, 9 Bing. Rep. 708. *Hogg* v. *Smith*, 1 Taunt. 347. Chitty on Cont. 214 note (d.) If this case was pending before a jury, and the fact of the employment of Burdick was disputed, or if the question arose whether one was a general agent, and it was to be found from the acts of the principal or inferred from a general employment, the case might involve questions proper for the consideration of a jury. But it would have been the duty of the court in such case, to have charged the jury upon the facts as they should find them, and direct them when the facts would constitute him an agent, and when not. 32 E. Com. Law Rep. 336. *Todd* v. *Robinson*, 1 Ry. & Moo. 217. *Gilman* v. *Robinson*, 1 Car. & Payne 642. *Eaton* v. *Bell*, 5 Barn. & Ald. 34. *Prescott* v. *Flinn*, 9 Bing. Rep. 19. So when the facts are ascertained by an auditor, or in any other way judicially, it then becomes the duty of the court to say, whether from

these facts he was constituted the legal agent of the party, as much so as it was their duty in the other case, to give it in charge to the jury.

Regarding this question in that light we are led to see whether the facts reported by the auditor, authorized Burdick to employ the plaintiff to perform those services for the Bank. We find from the report that the Bank first applied to Burdick to get the stone conformable to a model which he had furnished, and also to do the work. Burdick refused either to get the stone or do the work, as he was at work upon the Railroad and could not do it. In this, it is evident that Burdick refused to place himself in the position of a contracting party in relation to that work. When therefore, they next inquired " if he could not see to the getting out the stone and doing the job" they could not have intended to have made a virtual renewal of that proposition which he had just declined, and when Burdick replied, " that he knew men whom he could employ to do the work and would see to it as much as he could without neglecting his business on the Railroad," he evidently did not suppose he was contracting a relation which he had just before refused to take upon himself. It could not have been so understood by either of the parties, and when the Bank told him to go on, get out the stone, and do the job, they could have expected only that he should employ these men for them, and give such oversight as he should be able, consistent with his other engagements. If the work on the road prevented him from ever going near the Bank or the work, they had no reason to complain, for he had made no engagement inconsistent therewith. The Bank desired him to employ the men, as better knowing those best qualified and competent for that purpose, and his obligation extended no further than to exercise his best judgment in that respect, and to extend that oversight over the work, that his engagements with the Railroad would permit. On these facts, can it be supposed that if the men had refused to do the work, or had done it in an unsuitable manner, Burdick would have been responsible. He would, if he is to be considered as a contracting party, and to say that he would be liable, would be placing him in a position which he had positively refused to take. He manifestly undertook simply to exercise his best judgment in employing men for them to do that work, and to see to the manner in which it was done, if his other engagements would allow.

The plaintiff evidently had the same understanding at the time of his employment by Burdick. For Burdick informed him, that the Bank of Rutland wanted the work done, and the purposes and objects for which the stone were wanted, and directed him when he got through, to make out and present his bill and it would be paid. He did finish the work, and called upon the Bank for payment; the work, therefore, was not done upon the credit of Burdick, but of the Bank. Manifestly the whole case bears the impress of a contract made between this plaintiff and the Bank, through Burdick as their agent. 6 Wend. Rep. 475, *Lincoln* v. *Battle*. Evidently this plaintiff can sustain no action against Burdick for that work; for Burdick made known his principal, and took upon himself no personal obligation to pay him, as appears from the circumstance that the services were not rendered relying upon him for payment, but were charged to the Bank.

The law is well settled that "where an agent makes known his " principal, or where there are circumstances showing at the time, " that it was understood that he intended to make the contract on " behalf of his principal, the contract is entirely the principal's, and " the agent incurs no liability." "And where an act of the agent " will admit of more than one construction, the court will adopt " that which will bind the principal, and not that which will bind "the agent only." *Dyer* v. *Burham*, 25 Maine Rep. 13. Story on Agency, § 154. 2 Kent's Com. 631, 830. 22 Wend. Rep. 244.

The fact stated in the auditor's report, that other persons employed by Burdick in the same work, were paid by the Bank, exerts a very controling influence upon this question. Its effect might possibly have been lessened, if not destroyed, if it had appeared that the payment was made on the account of Burdick. But standing as it does, it is a direct ratification of Burdick's agency in making such employments, and of their obligation to pay those thus employed. *Boulton* v. *Arlsden*, 1 Salk. 234. Paley on Agency, 139. 32 Com. Law Rep. 338, by TENDAL, Ch. J.

We think, therefore, Mr. Burdick must be regarded as the agent of the Bank, and as having been empowered to employ the plaintiff to perform those services for them, for which this action is brought, and that the judgment of the county court must be re-

versed, and judgment entered for the plaintiff for the amount specified in the auditor's report.